UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LOUIE OCHOA,<br><br>Petitioner,<br><br>v.<br><br>A. CARDENAS, Warden,<br><br>Respondent. | Case No. 2:19-cv-08437-MWF-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

## I.

## BACKGROUND

On September 30, 2019, Petitioner Leonard Louie Ochoa ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1] (Dkt. 1 ["Petition"].) Petitioner alleges that the "S.F. Courthouse Clerk" lost his "Application/Petition for resentencing" and "Response" under Cal. Penal Code § 1170.18(b), (g). (Id. at 5.) Petitioner then argues that the discovery of new evidence, pursuant to Fed. R. Civ. P. 60(b), applies

---

[1] Petitioner most recently brought a petition under 28 U.S.C. § 2241 on July 30, 2019, which the Court construed as a petition under 28 U.S.C. § 2254, because Petitioner was previously in state custody pursuant to a state conviction; Petitioner voluntarily dismissed the petition. Central District Case No. 2:19-cv-06686.

1

to his petition.² (Id. at 5-6.) Plaintiff appears to allege that he was released from state custody on September 20, 2017, and that he has completed his parole. (Id. at 1.)

Pursuant to its screening authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts³ and its obligation to consider sua sponte requirements concerning subject matter jurisdiction, Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997), the Court orders Petitioner to show cause why this action should not be dismissed for lack of jurisdiction.

## II.
## DISCUSSION

**A.   Legal Standard.**

Under § 2254 "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the "in custody" requirement of § 2254(a) is jurisdictional, the Court must consider it first. See Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (citing Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Id. The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence

---

² In support, Petitioner cites: Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992); Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007); People v. Gallardo, 77 Cal. App. 4th 971 (2000); In re Richards, 63 Cal. 4th 291, 312 (2016); and Cal. Penal Code § 1473(e)(1). (Dkt. 1 at 5-6.)

³ Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition …."

2

under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The custody requirement does not require that a prisoner be physically confined, Maleng v. Cook, 490 U.S. 488, 491 (1989), but it does require a "severe restraint" on the petitioner's liberty, Bailey, 599 F.3d at 980. Thus, for example, a petitioner who is on parole at the time of filing is considered to be in custody, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of the court's subject matter jurisdiction and his petition is therefore properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 978-80. In other words, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980; see also Heck v. Humphrey, 512 U.S. 477, 481-83 (1994) (habeas corpus claims that do not "call into question the lawfulness of the conviction or confinement[,]" challenge the fact or duration of the petitioner's custody, or "seek[] immediate or speedier release," are not cognizable under § 2254).

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be

dismissed unless--

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

**B. Analysis.**

 **1. Petitioner Is Not In Custody.**

In this case, it does not appear that Petitioner is in state custody. Petitioner alleges that he was released from state custody in 2017, and the California Department of Corrections and Rehabilitation Inmate Locator substantiates this allegation. See https://inmatelocator.cdcr.ca.gov/. Plaintiff attaches to the Petition an order from the Los Angeles Superior Court denying his state habeas petition on February 26, 2018; that court found that Petitioner was in actual or constructive custody in case no. GA084672 at that time.[4] (Dkt. 1 at 16.) It is thus unclear whether Petitioner is presently on probation or parole. If not, then the Court lacks

---

[4] The Superior Court also determined that case no. PA082307 was dismissed and is not the basis of Petitioner's custody. (Dkt. 1 at 16.) Petitioner seems to indicate he was released on PA08237 on December 15, 2014, and provides no date information related to GA084672. (Id. at 2.)

subject matter jurisdiction over the Petition on this basis.

Moreover, Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). The Petition does not challenge any aspect of Petitioner's conviction; nor does it challenge the length of the sentence imposed for that conviction. Rather, Petitioner alleges that the court clerk misplaced documents and attaches exhibits labeled "new evidence" in support. (Dkt. 1 at 5.) Petitioner attaches to his Petition some documents pertaining to more recent events: a letter from the California Department of Justice, dated September 13, 2019, objecting to a subpoena request by Petitioner; a September 25, 2019 letter from the Superior Court of Los Angeles indicating that PA082307 was dismissed pursuant to Cal. Penal Code § 1385 in 2014; and a Petition for Dismissal, filed by Petitioner, dated September 24, 2019. (Id. at 9-13.)

### 2. Petitioner's Claims Do Not Arise Under Federal Law.

Petitioner's claims do not arise under federal law; in fact, the Petition cites California's Proposition 47. (Dkt. 1 at 11.) Also, the Petition makes no showing that success would necessarily shorten Petitioner's confinement. See, e.g., Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (reiterating that "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus'" (citation omitted)).

### 3. Petitioner's Petition is Successive.

Although Petitioner's grounds for relief are unclear, they appear to mirror claims brought in earlier habeas petitions (while Petitioner was confined) and civil rights actions. (See Eastern District Case Nos. 1:15-cv-01632 [civil action, suing Sheriff's Department over allegedly mistaken detention], 1:15-cv-01769 [habeas petition challenging confinement in case no. GA084672 as erroneous because judge failed to consider missing transcript pages], 1:16-cv-00299 [same]; Central District Case Nos. 2:15-cv-09769 [civil rights action, alleging the Sheriff's Department

mistakenly confined him because three pages were missing from a sentencing transcript], 2:16-cv-02222 [habeas petition, challenging confinement on same basis], 2:16-cv-00864 [civil action, challenging confinement on same basis], 2:16-cv-09282 [civil action, suing judge over mistaken detention], 2:17-cv-00403 [civil action, challenging confinement on same basis], 2:17-cv-06257 [same], 2:19-cv-06686 [habeas petition, requesting expungement of case no. GA084672].)

In those cases, this Court explained to Petitioner: "the Los Angeles County Superior Court sentenced [Petitioner] to four years for the probation violation (case GA-084672) and dismissed the misdemeanor (case PA-082307). … [Petitioner] was sentenced to four years in the GA case and ordered 'released' in the PA case due to its dismissal. [Petitioner] was never ordered released in the GA case." (See 2:17-cv-00403, Dkt. 4.)

To the extent Petitioner seeks to raise those same grounds for relief in the instant Petition, his Petition is successive, and he must seek leave to file it from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153 (2007). Petitioner's failure to secure an order from the Ninth Circuit would also deprive this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

# III.
# CONCLUSION

In sum, because it is unclear whether (1) Petitioner is currently in custody or on probation/parole pursuant to the conviction challenged in the Petition, (2) his claims are federal (rather than grounded in state law), (3) his claims would affect the legality/duration of confinement or probation/parole, and (4) his Petition is successive, it appears that this Court lacks subject matter jurisdiction over the action.

IT IS HEREBY ORDERED that, on or before November 18, 2019, Petitioner shall do one of the following: (1) show cause why the Petition should not be dismissed for lack of subject matter jurisdiction, or (2) submit a notice voluntarily dismissing this action. The Clerk is directed to provide Petitioner with Form CV-09 for voluntary dismissal and Form 12 for an application for leave to file a second or successive petition with the Ninth Circuit.

If Petitioner decides to show cause why his Petition should not be dismissed, he should include in his response: (1) which conviction he is challenging, with conviction case number and date; (2) whether he is currently in custody or on probation under that conviction; and (3) if so, why his custody violates the federal constitution or law.

If Petitioner contends that newly discovered evidence justifies his filing of a successive petition, then he may file a voluntary dismissal in this Court and an application for leave to file a successive petition with the Ninth Circuit using Form 12.

//
//
//
//
//

| | |
|---|---|
| 1 | The Clerk is directed to send a copy of this Order to Petitioner's counsel in |
| 2 | his Proposition 47 proceedings, Mark Corti (Cal. Bar No. 224913), at the following |
| 3 | address: Los Angeles County Public Defender, 210 W Temple St 19FL, Los |
| 4 | Angeles, CA 90012. |
| 5 | |
| 6 | DATED: <u>October 17, 2019</u> |
| 7 | |
| 8 | |
| 9 | /s/ Karen E. Scott |
| | KAREN E. SCOTT |
| 10 | UNITED STATES MAGISTRATE JUDGE |
| 11 | |
| 12 | cc: |
| 13 | |
| | Mark Corti (Cal. Bar No. 224913) |
| 14 | Los Angeles County Public Defender |
| 15 | 210 W Temple St 19FL |
| | Los Angeles, CA 90012 |