O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LOUIE OCHOA, <br> Petitioner, <br> v. <br> A. CARDENAS, Warden, <br> Respondent. | Case No. 2:19-cv-08437-MWF (KES) <br><br> ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

On September 30, 2019, Petitioner Leonard Louie Ochoa ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner also consented to having a United States Magistrate Judge conduct all proceedings in this case. (Dkt. 2.) The Petition is the fifth habeas corpus petition that Petitioner has filed stemming from his 2014 state court conviction and sentence in California case number GA 084672.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

1

# I.
# BACKGROUND

**State Court Proceedings**

In 2014, Petitioner was convicted of an assault with a deadly weapon and sentenced to a term of four years, released on parole, and then found to be a mentally disturbed offender who was admitted for treatment. (Dkt. 1 at 15.) On March 11, 2019, Petitioner filed a notice of appeal; the California Court of appeal dismissed the appeal as untimely. (Id.)

**Prior Federal Habeas Petitions[1]**

All of Petitioner's habeas petitions make the same claim: that on December 15, 2014, after Judge David Gelfound in Los Angeles County Superior Court case number GA084672 sentenced Petitioner to a 4-year prison term for a probation violation, that Judge Gelfound also "utilized Prop. #47" and ordered Petitioner be released.[2] Petitioner asserts that when he made a request for the transcript from that hearing, it is missing the final three pages which would indicate that he was ordered released from custody. (Eastern District Case No. 1:15-cv-01769, Dkt. 1 at 7.)

In November 2015, Petitioner filed a 2254 petition challenging his probation violation conviction and sentence in case no. GA084672. See Eastern District Case No. 1:15-cv-01769 ("Ochoa I"). In February 2016, the Court entered a judgment dismissing the petition as unexhausted. (Ochoa I, Dkt. 7.)

---

[1] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] On November 5, 2014, California voters approved Proposition 47, which, among other things, "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes [such as] petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." People v. Esparza, 242 Cal.App.4th 726, 735 (2015) (citing Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3).

In March 2016, Petitioner filed another 2254 petition challenging his probation violation conviction and sentence in case no. GA084672. See Eastern District Case No. 1:16-cv-0299 ("Ochoa II"). In July 2016, the Court entered a judgment again dismissing the petition as unexhausted. (Ochoa II, Dkt. 5.)

Also in March 2016, Petitioner filed a third 2254 petition challenging his probation violation conviction and sentence in case no. GA084672. See Central District Case No. 16-cv-02222 ("Ochoa III"). In June 2016, the Court entered a judgment dismissing the petition with prejudice as meritless. (Ochoa III, Dkt. 8.)

In August 2019, Petitioner filed a fourth 2254 petition challenging his probation violation conviction and sentence in case no. GA084672. See Central District Case No. 2:19-cv-06686 ("Ochoa IV"). In September 2019, after the Court entered an order to show cause why the petition should not be dismissed as successive, Petitioner voluntarily dismissed his petition. (Ochoa IV, Dkts. 3, 8.)

**The Instant Petition**

The Petition again challenges Petitioner's probation violation conviction and sentence in case no. GA084672.[3] (Dkt. 1 at 2.) Petitioner alleges that the "S.F. Courthouse Clerk" lost his "Application/Petition for resentencing" and "Response" under Cal. Penal Code § 1170.18(b), (g), appearing to mirror the claim he has brought in his earlier habeas petitions that he was wrongfully imprisoned because relevant court records were lost. (Id. at 5.)

//

//

---

[3] While Petitioner also mentions case number PA082307, this Court has explained to Petitioner that "the Los Angeles County Superior Court sentenced [Petitioner] to four years for the probation violation (case GA-084672) and dismissed the misdemeanor (case PA-082307). … [Petitioner] was sentenced to four years in the GA case and ordered 'released' in the PA case due to its dismissal. [Petitioner] was never ordered released in the GA case." (See Case No. 2:17-cv-00403, Dkt. 4.)

3

## II.

## DISCUSSION

The instant Petition seemingly raises one claim for relief: that Petitioner is wrongfully in custody[4] in case number GA084672 because he was ordered released on case number GA084672 and the record of that release was misplaced.

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this</u>

---

[4] It is unclear if Petitioner is actually in custody. Petitioner is out of prison and it is not apparent whether Petitioner is on probation. However, the Court does not need to reach this issue because the Petition is successive.

4

|   |   |
|---|---|
| 1 | <u>section is filed in the district court, the applicant shall move in the</u> |
| 2 | <u>appropriate court of appeals for an order authorizing the district court</u> |
| 3 | <u>to consider the application.</u> |
| 4 | 28 U.S.C. § 2244(b) (emphasis added). |

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition in Central District Case No. 16-cv-02222, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 16, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge